**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ABDUL SHAHID,

    Plaintiff,

v.  Case No. 08-CV-10871

CHRYSLER, LLC, formerly known as Daimler
Chrysler and DAIMLER CHRYSLER UAW
PENSION PLAN,

    Defendants.
                                        /

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Pending before the court is Defendants Chrysler, LLC and Daimler Chrysler UAW Pension Plan's motion to dismiss and Plaintiff Abdul Shahid's motion for leave to file an amended complaint. The matters are fully briefed, and the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Defendants' motion and deny Plaintiff's motion.

**I. BACKGROUND**

Plaintiff's March 3, 2008 complaint alleges two counts under the Employment Retirement and Income Security Act, 29 U.S.C. § 1140, *et seq*, ("ERISA") and seeks increased pension benefits and relief from retaliatory discharge. (*See* Pl.'s Compl.) Plaintiff, who was previously known as Jerome Ford, began working for Chrysler on February 10, 1965 and was on the job until he was injured at work on August 11, 1975. (*Id.* at ¶¶ 4, 7-9.) Plaintiff alleges that he was unable to return to work and received worker's compensation benefits. (*Id.* at ¶¶ 12-16.) He further states that he became

eligible for pension benefits on May 20, 1996 and that he received a letter from Defendants on June 6, 2003 stating that his pension benefits were denied. (*Id.* at ¶¶ 10-11.) He claims that he should be classified as an injured on the job employee and therefore eligible for insurance and medical benefits and for years of seniority applicable to his pension. (*Id.* at ¶¶ 18-20.) Plaintiff alleges that Defendants' failure to classify him as such is a violation under ERISA of the pension plan. (*Id.* at ¶¶ 19-23.) He further alleges, without identifying a date, that Defendants retaliated against him by wrongfully terminating him. (*Id.* at ¶¶ 30-31.) Plaintiff denies that his failure to return to work in March of 1977 is the grounds for his termination or resignation, and he disputes ever receiving notice that he was required to return to work in 1977. (*Id.* at ¶¶ 27-29.) In Count I of his complaint, Plaintiff seeks recovery of full benefits and in Count II he requests relief for his retaliation claim. (*Id.* at ¶¶ 39-42.)

Plaintiff attaches some exhibits to his complaint. The first is a December 10, 1979 decision of the State of Michigan Workers' Compensation Appeal Board, which reversed an earlier denial of worker's compensation benefits and ordered such payments to commence and to continue "until further order of the Bureau." (12/10/77 Decision, Pl.'s Compl., Ex. 1.) The second exhibit is a February 21, 1977 disposition of Plaintiff's employee grievance, which states:

> In full settlement of this case, [Plaintiff] will be offered reinstatement in accordance with his seniority provided he can meet normal requirements. Upon his return to work his discharge shall be reduced to a disciplinary layoff without back pay for the period during which he was away from the plant.

(2/21/77 Disposition, Pl.'s Compl., Ex. 2.) The third exhibit is a June 30, 2003 appeal letter from Plaintiff's counsel to Defendants asserting that Plaintiff was never terminated

in 1976 and, because Plaintiff collected worker's compensation benefits for twenty-seven years, he was eligible under the terms of his pension plan for credit for those years. (6/30/2003 Letter, Pl.'s Compl. Ex. 3.) Defendants' response appears in the fourth exhibit, a letter stating that (1) Plaintiff's reinstatement was contingent upon his return to work, (2) there is no evidence that he returned to work and (3) he was thus not an employee on approved leave under the terms of the pension plan. (8/22/03 Letter, Pl.'s Ex. 4.)

Defendants filed no answer to the complaint but, rather, a motion to dismiss. The motion contends that Plaintiff's claims are time-barred under ERISA and that his demand for a jury is improper.[1] As is proper under the standard of review articulated below, Defendants assume the truth of Plaintiff's allegations and present limited additional facts in an affidavit by Cathy Johnson, an employee benefits specialist working for Defendants. Johnson avers that Plaintiff was approved for pension benefits on July 30, 1999 after he signed a pension plan election form on June 24, 1999. (Johnson Aff. at ¶¶ 2-3, Defs.' Mot., Ex. A.) The election form bears Plaintiff's signature and states that his total monthly benefit is $77.01. (6/24/99 Election Form, Def.'s Mot., Ex. A2.) The approval letter bases the pension benefit level upon 134 months of employment, or eleven years and two months. (7/30/99 Approval Letter, Defs.' Mot., Ex. A1.) The letter, which is addressed to Plaintiff, asks him to "[p]lease review this information carefully." (*Id.*) Plaintiff's pension start date was listed as July 1, 1999. (*Id.*)

---

[1]Plaintiff acknowledges the final point and withdraws his jury demand. (Pl.'s Resp. at 10-11.)

## II. STANDARD

Because Defendants' motion goes beyond the complaint and relies upon record evidence, the court will not analyze the motion under Federal Rule of Civil Procedure 12(b)(6). As provided under Rule 12(b), the court may grant summary judgment as provided in Rule 56 when the motion to dismiss relies on matters outside the pleadings. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 571 (6th Cir. 2001). When doing so, the court must give all parties a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b). "Whether a district court must provide actual notice that it intends to convert a motion to dismiss into a motion for summary judgment depends on the facts and circumstances of each case." *Shelby County Health Care Corp. v. Southern Council of Indus. Workers Health and Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000) (quoting *Salehpour v. Univ. of Tennessee*, 159 F.3d 199, 204 (6th Cir. 1998)). In this case, Defendants argue their motion under both Rule 12 and Rule 56.

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The existence of a factual dispute alone, does not, however, defeat a properly supported motion for summary judgment -- the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict -- 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (emphasis and alteration in original)). A fact is "material" for purposes of summary judgment when proof of that fact would have the effect of establishing or refuting an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences from the admissible evidence presented in a manner most favorable to the nonmoving party. *Dunigan v. Noble*, 390 F.3d 486, 492 (6th Cir. 2004) ("[W]e must determine 'not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it upon whom the *onus* of proof is imposed.'" (citation omitted)). The court does not weigh the evidence to determine the truth of the matter but to determine if the evidence produced creates a genuine issue for trial. *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003).

## III. DISCUSSION

The court agrees that Plaintiff's claims should be dismissed as untimely. The court also concludes that the motion to amend the complaint should be denied because the proposed amendment would be futile.

### A. Plaintiff's Claim for Benefits

It cannot be disputed that Plaintiff received his pension approval letter and his first pension check no later than the end of July 1999. This date is therefore the trigger date for any dispute concerning his level of benefits, as Plaintiff by this point should have been aware of his credited service time and pension amount. *See e.g. Armbruster v. K-H Corp.*, 206 F. Supp. 2d 870, 887. (E.D. Mich. 2002). The United States Supreme Court has held that for ERISA claims Congress intended federal courts to apply the most closely analogous statute of limitations under state law. *Del Costello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 158 (1983); *see also Santino v. Provident Life and Acc. Ins. Co.*, 276 F.3d 772, 776 (6th Cir. 2002). A claim for benefits is most analogous to a state law claim for breach of contract, which in Michigan is subject to a six-year period of limitation. *Santino*, 276 F.3d at 776; Mich. Comp. Laws § 600.5807(8). Accordingly, Plaintiff's time for filing such a claim expiring at the latest by the end of July 2005, well before the date when he actually filed this complaint.

Plaintiff seeks to equitably toll the period of limitations, arguing that each pension check is a discrete and continuing violation of ERISA. (Pl.'s Resp. at 7-8.) The court rejects this argument, as Plaintiff relies on no binding authority for the applicability of equitable tolling. Further, Defendants' reply brief persuasively distinguishes *Meagher v. Int'l Ass'n of Machinists & Aerospace Workers Pension Plan*, 856 F.2d 1418 (9th Cir.

6

1988), the principal authority upon which Plaintiff relies. (Defs.' Reply at 7-8.) The pension plan in *Meagher* was unique in that it required the trustees of the plan to continually recalculate the beneficiary's pension amount. In this case, Plaintiff's pension plan was static and determined with sufficient finality in 1999. The ministerial issuing of checks therefore would not constitute a renewed or different alleged denial of benefits. Under these circumstances, Plaintiff's claim for benefits cannot be made timely.

### B. Plaintiff's Retaliation Claim

The retaliation claim is properly subject to a shorter period of limitation, as that claim is most analogous to a claim for employment discrimination. Although no binding authority in the form of a published opinion of the Sixth Circuit supports such a holding, Defendants present two categories of persuasive authority: an unpublished opinion of the Sixth Circuit and published opinions of another circuit. *See Ellis v. Ford Motor Co.*, No. 95-1801 (6th Cir. August 1, 1996); 1996 U.S. App. LEXIS 22458; *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129 (7th Cir. 1992). In Michigan, a claim for employment discrimination is subject to a three-year period of limitation. Mich. Comp. Laws §§ 37.2101-2803. At the very latest, Plaintiff was informed of his termination in Defendant's August 22, 2003 letter, which stated that his pension benefits were denied because his employment ended in 1976.[2] Plaintiff therefore failed to meet the statute of limitations when he filed his complaint in March of 2008. The court is again not persuaded that equitable tolling should apply, as Plaintiff presents no authority requiring

---

[2]The court observes that the 134-month service credit in the 1999 pension approval letter would have raised an earlier red flag for Plaintiff if he indeed believed he continued to be a Chrysler employee in the decades after his injury.

7

such tolling.  Further, the court is at a loss to understand how "receiv[ing] benefits in installments," (Pl.'s Resp. at 9), could possibly support the theory that Defendants continued to terminate Plaintiff and retaliate against him with every pension check they sent.

### C.  Plaintiff's Motion to Amend

Plaintiff seeks to amend his complaint to include a claim of breach of fiduciary duty.  (Pl.'s Mot. at 1.)  According to ERISA:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of--
>
>> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>>
>> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113.  Under either the three or the six-year period, Plaintiff's proposed amended complaint would fall outside of the statute of limitations.  Assuming there was a breach of fiduciary duty, Plaintiff at the latest would have become aware of that breach in July 1999 when his pension benefits were determined.  His March 2008 complaint is thus untimely and the amendment would be futile under Federal Rule of Civil Procedure 15.

### IV.  CONCLUSION

8

For the reasons stated above, IT IS ORDERED that Defendants' "Motion to Dismiss . . ." [Dkt. # 3] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Leave to File First Amended Complaint . . ." [Dkt. # 4] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 11, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 11, 2008, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522